BEFORE THE FIRST DIVISION

MARCH 15, 1961

No. 65309.—Hudson Shipping Co., Inc. *v.* United States, protest 59/13429 (New York).— The following memorandum accompanied the order restoring case to calendar:

MOLLISON, Judge: The protest in the above-entitled matter was received by this court on May 5, 1959, and, in accordance with the rules of the court, appeared on the regular calendar of this division on December 7, 1959. At that time, it was, at the request of counsel for the plaintiff, continued to the February 1960 term of this division for final disposition. At the call of the Feb-

ruary 1960 calendar, it was further continued, at the request of counsel for the plaintiff, to the May term for final disposition.

Prior to the call of the calendar of the May term, counsel for the plaintiff prepared a stipulation concerning the facts of the matter and presented the same to counsel for the defendant, who thereupon requested, pursuant to rule 12(a) of the rules of this court, that the papers be forwarded to the collector of customs at New York, N.Y., for the purpose of considering the stipulation. This was done, and, when the case was called on the calendar of the May term of this court, further continuance was requested by counsel for the plaintiff to the October term pending the return of the stipulation, which request was granted.

The papers were returned by the collector to this court on October 7, 1960, but the original stipulation was apparently not acceptable to one or both parties, for, on November 7, 1960, another request was made by counsel for the defendant that, pursuant to rule 12(a), *supra*, the papers again be forwarded to the collector for the purpose of considering a stipulation. This request was granted, and the papers were returned to this court on January 5, 1961, and, on January 24, 1961, a stipulation signed by counsel for both parties was presented to the court and ordered filed on January 25, 1961.

From the foregoing calendar record and the conditions under which the case was continued from time to time, it was considered to be implicit that, upon the filing of the stipulation signed by counsel for the parties, the case had been submitted for decision, and the court proceeded to determine the issues on the record before it, rendering its decision and judgment in the matter on March 2, 1961 (Abstract 65215).

It has now been made to appear to the court that counsel for neither party had formally submitted the case for decision in writing. Under these circumstances, order will issue vacating and setting aside the decision and judgment of March 2, 1961, and restoring the case to the May 1961 calendar of this division of the court for final disposition.